United States District Court
Eastern District of Arkansas
Western Division

Dr. Julius J. Larry, III, et al.                                      Plaintiff

v.                          Case No. 4:18-cv-116-KGB

State of Arkansas, et al.                                       Defendants

## Motion to Dismiss

### Introduction

Plaintiff Dr. Julius J. Larry, III, filed this racial gerrymander action on February 9, 2018. The action undoubtedly challenges the constitutionality of the apportionment of the First Congressional District. As a pro se litigant, Dr. Larry can only represent himself. Because Dr. Larry's Complaint fails to demonstrate standing, the Court lacks subject matter jurisdiction to hear the claim. Defendants State of Arkansas, Asa Hutchinson in his official capacity as the Governor of the State of Arkansas, and Leslie Rutledge in her official capacity as the Attorney General of the State of Arkansas, respectfully request the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Though these Defendants do not object to a three judge panel, one is not required here.

### Legal Standard

If a plaintiff lacks standing, the district court has no subject matter jurisdiction. *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 801 (8th Cir. 2002); *Friedmann v. Sheldon Cmty. Sch. Dist.*, 995 F.2d 802, 804 (8th Cir.1993). Therefore, a standing argument implicates Federal Rule of Civil Procedure 12(b)(1).

1

> First, "[a] court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'"... In a facial attack, "the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." ... Accordingly, "the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."

*Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (citations omitted). Plaintiff's Complaint does not sufficiently allege a basis of subject matter jurisdiction.

### Argument

**I.      As a pro se plaintiff, Dr. Larry is limited to representing himself.**

In the introductory paragraph to his Complaint, Dr. Larry states his intention to bring the case "individually and in his official capacity as Publisher of the Little Rock Sun Community Newspaper, and on behalf of all those similarly situated African Americans residing in the Southeast quadrant of the State of Arkansas[.]" [D.E. 1, pp. 1-2] Dr. Larry filed the case as a pro se litigant from Pulaski County. [D.E. 1, p. 27]

Individuals who are not licensed attorneys can appear in the courts and engage in the practice of law provided that they do so for themselves and in connection with their own business. *Chase v. City of Earle, Arkansas*, No. 3:09CV00167, 2010 WL 1658610, at *2 (E.D. Ark. Apr. 21, 2010) (citing *Stewart v. Hall*, 129 S.W.2d 238 (Ark. 1939)). When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity. *Chase*, 2010 WL 1658610, at *2 (citing *Jones ex rel. Jones v. Correctional Medical Services*, 401 F.3d 950, 952 (8th Cir. 2005)). Moreover, a later appointed attorney cannot cure the

complaint of its original defect. *Davenport v. Lee*, 348 Ark. 148, 155, 72 S.W.3d 85, 88 (2002). This rule protects the courts interests in ensuring that parties are represented by people knowledgeable and trained in the law. *Jones*, 401 F.3d at 952. Inasmuch as Dr. Larry attempts to bring this action on behalf of other persons or entities, such an attempt constitutes the unauthorized practice of law and the Complaint is a nullity.

**II.    Dr. Larry has not alleged any facts to demonstrate that he has standing to bring the lawsuit.**

To demonstrate standing, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992).

The Supreme Court has "repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power" and made clear "it is the burden of party who seeks the exercises of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." *United States v. Hays*, 515 U.S. 737, 743 (1995) (internal quotations and citations omitted).

A racial gerrymandering claim applies to the boundaries of individual districts. It does not apply to a State considered as an undifferentiated "whole." *Alabama Legislative Black Caucus v. Alabama*, 135 S. Ct. 1257, 1265 (2015). Understandably, the claim is district-specific due to the personal nature of the harms that underlie a racial gerrymandering claim.

> Racial gerrymandering directly threatens a voter who lives in the district attacked. But they do not so keenly threaten a voter who lives elsewhere in the State. Indeed, the latter voter normally lacks standing to pursue a racial gerrymandering claim.

*Alabama*, 135 S. Ct. at 1265 (citing *United States v. Hays*, 515 U.S. 737, 744–745, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995)).

Any citizen able to demonstrate that he or she, personally, has been injured by that kind of racial classification has standing to challenge the classification in federal court. *United States v. Hays*, 515 U.S. 737, 744 (1995). Voters in a racially gerrymandered district are denied equal treatment because of the legislature's reliance on racial criteria. *Id.* Voters in such districts may suffer the special representational harms – injuries in fact – racial classifications can cause in the voting context. *Id.* at 744-745. "On the other hand, where a plaintiff does not live in such a district, he or she does not suffer those special harms, and any inference that the plaintiff has personally been subjected to a racial classification would not be justified absent specific evidence tending to support that inference." *Id.* at 745. "Unless such evidence is present, that plaintiff would be asserting only a generalized grievance against governmental conduct of which he or she does not approve." *Id.*

Dr. Larry claims "[i]n the First Congressional District of Arkansas, defendants packed the district with like-minded white voters in the Northeastern half of the district to dilute the Black votes of the residents of the Southeastern half of the gerrymandered district." [D.E. 1, ¶ 2; see also ¶¶ 9-10] The thrust of the Complaint is clearly an attack on the drawing of the First Congressional District. Dr. Larry's signature block demonstrates he is a citizen of Little Rock, however, and consequently a voter in Arkansas's Second

4

Congressional District. [D.E. 1, p. 27; D.E. 4, p. 30] Taking his Complaint as true, neither Dr. Larry nor the Little Rock Sun Community Newspaper may be considered voters in the First Congressional District with standing to bring this case. Dr. Larry does not allege a special representational harm. While his Complaint grieves against governmental conduct of which he does not approve, it does not allege a personal harm. Therefore, these Defendants respectfully request the Court dismiss Plaintiff's Complaint for lack of standing.

### III.   Because Dr. Larry lacks standing, the Court lacks subject matter jurisdiction over the claim, and a three judge panel is unnecessary.

In his initial pleading, Dr. Larry requests a three judge panel. "A district court of three judges shall be convened … when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). "Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge." 28 U.S.C. § 2284(b)(1). "The judges so designated, and the judge to whom the request was presented, shall serve as members of the court to hear and determine the action or proceeding." 28 U.S.C. § 2284(b)(1).  "A single judge shall not … enter judgment on the merits." 28 U.S.C. § 2284(b)(3).

The Supreme Court made clear in *Shapiro v. McManus* that the provision requiring a judge to convene a panel "unless he determines that three judges are not required" does not provide the judge with authority to dismiss the case on the merits.

5

136 S.Ct. 450 (2015). Of course, before a court can rule on the merits, it must determine whether it has jurisdiction. *Shapiro* acknowledged the difference between a plaintiff's failure to demonstrate proper jurisdiction from the failure to state a claim. Importantly, *Shapiro* did not abrogate the Court's holding in *Gonzalez v. Automatic Employees Credit Union* that "[a] three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *McManus*, 136 S.Ct. at 455 (quoting *Gonzales*, 419 U.S. 90, 100 (1974)).

Without demonstrating he is a proper party to bring this lawsuit, the Court is without subject-matter jurisdiction and may therefore dismiss the case without ruling on the merits. While these Defendants do not object to a three judge panel, one is not required here.

## Conclusion

As a pro se litigant, Dr. Larry can only represent himself. Based on the face of the Complaint, Dr. Larry challenges the boundaries of the First Congressional District – an electoral district in which he is not a voter. Because Dr. Larry's Complaint fails to demonstrate standing, the Court lacks subject matter jurisdiction to hear the claim. These Defendants respectfully request the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). Though the Defendants do not object to a three judge panel, one is not required to dispose of this case.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By:    /s/ *Brett W. Taylor*
Ark Bar No. 2014175
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
PH: (501) 682-3676
Fax: (501) 682-2591
Email: brett.taylor@arkansasag.gov

*Attorneys for Defendants*

# Certificate of Service

I Brett W. Taylor, hereby certify that on February 26, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I Brett W. Taylor, hereby certify that on February 26, 2018, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Julius J. Larry, III
2615 West 12th St.
Little Rock, Arkansas 72202

*/s/ Brett W. Taylor*

7