**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 0 2 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN (LITTLE ROCK) DIVISION

**Dr. JULIUS J. LARRY III**                                                      **PLAINTIFF**


**VS.**                            **Case No. 4:18-cv-116-KGB**


**STATE OF ARKANSAS;**
**HONORABLE ASA HUTCHINSON,**
**In his Official Capacity as Governor**
**of the State of Arkansas; HONORABLE**
**LESLIE RUTLEDGE, in her Official**
**Capacity as Attorney General of the**
**State of Arkansas; HONORABLE**
**MARK MARTIN, in his official capacity**
**as Arkansas Secretary of State**                              **DEFENDANTS**


## BRIEF IN SUPPORT OF DEFENDANT ARKANSAS SECRETARY OF STATE MARK MARTIN'S MOTION TO DISMISS

The Court should grant the Motion and dismiss this case. This is a challenge to the composition of the First Congressional District (Ark. Code Ann. § 7-2-102). Plaintiff lives in the Second Congressional District (Pulaski County), as he states in his Affidavit to the Complaint (at p. 2). Consequently, Plaintiff lacks standing to challenge the First Congressional District, by his own admission; the Court lacks jurisdiction.

Standing is a matter of jurisdiction. *Constitution Party of South Dakota v. Nelson,* 639 F.3d 417, 420 (8th Cir. 2011). Under Article III of the United States Constitution, federal courts may only adjudicate actual cases or controversies. *Id. (citing cases).* It is the Article III standing requirement that enforces this case- or-controversy requirement. *Id.* To satisfy the "irreducible

Brief in Support of Defendant's Motion for Summary Judgment, P. 4

requirement that enforces this case- or-controversy requirement. *Id.* To satisfy the "irreducible

constitutional minimum" of Article III standing, each Plaintiff must establish that he or she has

suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent, not

conjectural or hypothetical"; that there is "a causal connection between the injury and the

conduct complained of'; and that it is "likely, as opposed to merely speculative, that the injury

will be redressed by a favorable decision." */d.,* (citing *Lujan v. Defenders of Wildlife,* 504 U.S.

555, 560-61, 112 S.Ct. 2130, 119 L.E.2d 351 (1992)). Plaintiff is unable to do so now, as a

result of his own residence in the wrong District.

Courts have repeatedly held that under Article III of the Constitution, a threshold

requirement for any civil action is a "case or controversy" that exists when the named plaintiff

has alleged a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and

likely to be redressed by the requested relief." *Cnty. of Riverside v. McLaughlin,* 500 U.S. 44, 51,

111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991) (quoting *Allen v. Wright,* 468 U.S. 737, 104 S. Ct.

3315, 82 L. Ed. 2d *556* (1984)). The Supreme Court has held that:

> [A] plaintiff ... must allege specific, concrete facts demonstrating that the
> challenged practices harm him, and that he personally would benefit in a tangible
> way from the court's intervention. Absent the necessary allegations of
> demonstrable, particularized injury, there can be no confidence of 'a real need to
> exercise the power of judicial review' or that relief can be framed 'no broader than
> required by the precise facts to which the court's ruling would be applied.'
> * * *
>
> The rules of standing, whether as aspects of the Art. III case-or-controversy
> requirement or as reflections of prudential considerations defining and limiting

> the role of the courts, are threshold determinants of the propriety of judicial intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.

*Warth v. Seldin,* 422 U.S. 490,508,517-18,95 S. Ct. 2197,45 L. Ed. 2d 343 (1975).

Plaintiff's "threat of injury" must be both "real and immediate" not "conjectural" or "hypothetical." *City of Los Angeles v. Lyons,* 461 U.S. 95, 102, 103 S. Ct. 1660,75 L. Ed. 2d 675 (1983). Plaintiff's theory of injury (concerning access to the Arkansas ballot) is now much too speculative to satisfy the well-established requirement that threatened injury must be "certainly impending." *Clapper v. Amnesty Int'l USA,* 133 S. Ct. 1138, 1143 (2013) (citing *Whitmore* v. *Arkansas,* 495 U.S. 149, 158 (1990)). "[A]llegations of possible future injury" are not sufficient. Id. at 1147 *(citing Whitmore v. Arkansas,* 495 U.S. 149, 158 (1990)). Plaintiff's claims fail here because he lives outside of the First Congressional District.

Defendant Secretary joins the Attorney General's Brief in Support of Motion to Dismiss. Plaintiff is not an attorney, although he was at one time, *see Larry v. Dretke,* 361 F.3d 890 (5th Cir. 2004).

Defendant Secretary also states that he has no part in the enactment of the laws (Acts 1241 and 1242 of 2011) creating the current congressional districts, Ark. Code Ann. §§ 7-2-102 and 7-2-103, *et seq.* Plaintiff has not alleged specific harm that Defendant Secretary has caused. Consequently, Plaintiff fails to state facts upon which relief can be granted against Defendant Secretary. Fed. R. Civ. P. 12(b)(2); Fed. R. Civ. P. 12(b)(6).

**WHEREFORE**, and for the foregoing reasons, Defendant Secretary of State Mark Martin, in his official capacity, prays that the Court deny Plaintiff any of the relief requested against Defendant Secretary; that the Court dismiss Plaintiff's Complaint against Defendant Secretary of State; that the Court deny Plaintiff's requests for declaratory, preliminary, and injunctive relief; that the Court deny any of Plaintiff's requests for fees, costs, or expenses; that the Court grant Defendant Secretary such additional relief to which he may be entitled under the circumstances

Respectfully submitted this 2nd day of March, 2018.

HONORABLE MARK MARTIN
ARKANSAS SECRETARY OF STATE
In his Official Capacity, Defendant

By: _____
A.J. Kelly
General Counsel and
Deputy Secretary of State
AB No. 92078
PO Box 251570
Little Rock, AR  72225-1570
(501) 682-3401
Fax: (501) 682-1213
kellylawfedecf@aol.com

By: _____

Michael Fincher
Associate General Counsel
Arkansas Secretary of State
AB No. 2016037
500 Woodlane St., Ste 256
Little Rock, AR  72201
(501) 682-3401
Fax: (501) 682-1213

*Attorneys for Defendant*
*Arkansas Secretary of State*

## CERTIFICATE OF SERVICE

I do hereby certify that on this 2nd day of March, 2018, I have served the foregoing via the electronic filing system in the Federal District Court Clerk's Office (CM/ECF) to the Attorney General and the Assistant Attorney General who has entered his appearance, and via first class mail to the following:

Dr. Julius J. Larry III
2615 W.12th Street
Little Rock, AR 72202

Michael Fincher