**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 05 2018

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN (Little Rock) DIVISION

| | | |
|---|---|---|
| DR. JULIUS J. LARRY III, Individually And in his Official Capacity as Publisher – The Little Rock Sun Community Newspaper, and on behalf of all other Similarly-situated African Americans Residing in the Southeast Quadrant of the State of Arkansas | § § § § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § § | CASE NUMBER: **4:18-cv-116-KGB** |
| STATE OF ARKANSAS;  ASA HUTCHINSON, in his Official Capacity as Governor of the State of Arkansas; LESLIE RUTLEDGE, in her Official Capacity as Attorney General of the State of Arkansas; MARK MARTIN, in his Official Capacity as Arkansas Secretary of State and the Arkansas Legislature, in their Official Capacities | § § § § | |
| DEFENDANTS. | | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S' MOTION FOR LEAVE TO AMEND ORIGINAL COMPLAINT AND OBTAIN CLASS COUNSEL- WITH MEMORANDUM OF POINTS AND AUTHORITIES**

**TO THE HONORABLE COURT:**

COMES NOW, Plaintiff, Dr. Julius J. Larry III, individually and in his official capacity as

Publisher of the Little Rock Sun Community Newspaper, and on behalf of all those similarly

situated African Americans residing in the Southeast quadrant of the State of Arkansas and files

1

this Response in Opposition to defendants' Rule 12(b)1 motion to dismiss and moves the Court to DENY defendants' motion to dismiss in its entirety and GRANT Plaintiffs' Motion for Leave to Amend its Original Complaint and to obtain Class Counsel, as follows:

1. Defendants filed a Rule 12(b)1 motion to dismiss, claiming that Plaintiff, Dr. Julius J. Larry III has no **standing** to request a three-judge panel under 28 U.S.C. §2284 because he does not live in the 1st Congressional District, in which the challenge to the unconstitutionality of the apportionment of congressional districts is being made.  Defendants cited to no legal authority, precedence or case law for their novel proposition that a Plaintiff must live in the specific congressional district being challenged in order to bring suit under Section 2 of the Voting Rights Act of 1965, as amended.

2. There is no requirement that a Plaintiff must live in the challenged congressional district in order to file suit for a violation of §2 of the Voting Rights Act.  Plaintiff Larry does agree with defendants that he never would have drawn or approved such gerrymandered congressional districts  as those made the basis of this litigation.

## ARGUMENT

**A. Defendants in error claimed that, "Because Dr. Larry lacks standing, the Court lacks subject matter jurisdiction over the claims, and a three judge panel is unnecessary".**

Nothing could be further from the Truth.  The central issue raised by the defendants' brief **is "who" has standing to bring a suit for a §2 violation of the Voting Rights Act of 1965, as amended**?  The answer is clear.  Either a private citizen or the United States Department of Justice may sue election authorities under §2, for diluting a minority group's voting power.  Dr. Larry asserts that he is a private citizen of the United States; a resident of the State  of Arkansas,  and a registered

voter in Pulaski County, Little Rock, Arkansas, which is presently in the 2nd Congressional District, but will be in the 1st Congressional District in a re-drawn congressional districts map.

In **Thornburg v. Gingles**, 478 US 30 (1986), the Supreme Court explained that Plaintiffs in a §2 vote dilution suit must meet three threshold conditions. Living in the challenged congressional district was not a requirement. Plaintiff, Dr. Larry, individually and on behalf of all other similarly situated African Americans residing in the Southeast quadrant of the State of Arkansas, submit that they have met the **Gingles** test, as set out fully and in detail in their initial Request for a Three Judge Panel and in their Court-ordered Brief regarding their entitlement to a three-judge panel and the same is hereby incorporated by reference as if fully set out herein word for word.

### A.   **Shapiro v. McManus Does Not Support Defendants' Untenable Position As Claimed in their Brief**

The very evil raised by defendants in their motion to dismiss is what the Supreme Court in **McManus** addressed by clarifying, disapproving and curtailing the practices of defendants, like the ones herein, from filing dilatory motions under Rule 12(b) to frustrate the procedural mandate of Congress,  codified as 28 U.S.C. §2284, et seq. A mandatory referral to the Chief Judge of the Circuit is required  because  a citizen filed a request for a three  judge panel challenging the unconstitutionality of the apportionment of congressional districts in Arkansas causing vote dilution,  in violation of  §2 of the Voting Rights Act.

Consequently, if this Court entertained the hypothetical presented by defendants and dismissed the Plaintiffs' request for a 3-judge panel, instead of going directly to the US Supreme Court for expedited treatment, as set out in 28 U.S.C. §2284, the case would take the circuitous route to the

3

court of appeals and perhaps a remand and finally a writ of certiorari to the Supreme Court – a procedure disapproved by the Supreme Court in **Shapiro v. McManus**.

## **CONCLUSION**

The Court should, in all things, **DENY** defendants' motion to dismiss and refer the Plaintiffs' Request for a three-Judge Panel immediately to the Chief Judge of the Eighth Circuit.   28 U.S.C §2284 mandates this referral be done. **Shapiro v. McManus** mandates that a request for a 3-judge panel be referred to the Chief Judge of the Circuit, curtailing any discretion by the single district judge regarding 12(b) motions or other defenses raised by defendants to defeat a request being referred to the Chief Judge of the Circuit. **In the case at bar, defendants admitted that they do not oppose a three-judge panel.** However, there is no argument defendants can make to defeat the mandatory language of 28 U.S.C §2284. **"Shall"** is mandatory language – even in Arkansas.

Pursuant to 28 U.S.C. §2284, Plaintiffs do not have to prove legal "entitlement" to file a request for a three judge panel to adjudicate a challenge to the apportionment of congressional districts in the state of Arkansas. There is nothing defendants can do or file to prevent a request for a 3-judge panel from being referred to the Chief Judge of the Circuit.  Actually, when the presentment was made on February 9, 2018 to Chief Judge Brian Miller, the next step should have been to notify the Chief Judge of the Eighth Circuit, according to 28 U.S.C. §2284(b)1.

4

Wherefore, for all of the foregoing reasons, this Court should DENY defendants motion to dismiss; refer this Request for a three-judge panel to the Chief Judge of the Eighth Circuit; GRANT Plaintiffs' Motion to Amend; make no rulings on the merits or be led into error by defendants- in – error, and for such relief, at law and in equity, such that Justice is served.

Respectfully submitted,

Julius J. Larry III

2615 W. 12th Street

Little Rock, AR 72202

(832-384-6908)

## CERTIFICATE OF SERVICE

I hereby certify that on this   5th   day of March, 2018, a true and correct copy of the Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss and Plaintiffs' Motion for Leave to Amend their Original Complaint, was served on defendants by and through the Attorney General of Arkansas, by certified mail, return receipt requested.

5