IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN (Little Rock) DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 09 2018

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

DR. JULIUS J. LARRY III, Individually §
And in his Official Capacity as Publisher –
The Little Rock Sun Community        §
Newspaper, and on behalf of all other
Similarly-situated African Americans §
Residing in the Southeast Quadrant of
the State of Arkansas

§

PLAINTIFFS,

§

VS.                                   §     CASE NUMBER: <u>4:18-cv-116-KGB</u>
                                      §
STATE OF ARKANSAS; ASA
HUTCHINSON, in his Official
Capacity as Governor of the State of  §
Arkansas; LESLIE RUTLEDGE, in
her Official Capacity as Attorney     §
General of the State of Arkansas; MARK
MARTIN, in his Official Capacity as   §
Arkansas Secretary of State and the
Arkansas Legislature, in their Official §
Capacities                            §

DEFENDANTS.

<u>PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS ARKANSAS
SECRETARY OF STATE MARK MARTIN'S MOTION TO DISMISS WITH
MEMORANDUM OF POINTS AND AUTHORITIES</u>

TO THE HONORABLE COURT:

COMES NOW, Plaintiff, Dr. Julius J. Larry III, individually and in his official capacity as

Publisher of the Little Rock Sun Community Newspaper, and on behalf of all those similarly

situated African Americans residing in the Southeast quadrant of the State of Arkansas and files

1

this Response in Opposition to defendants' Rule 12(b)1 motion to dismiss and moves the Court to DENY all of the defendants' motions to dismiss in their entirety, as follows:

1. Defendant Mark Martin begins his brief by stating, "**This is a challenge to the composition of the First Congressional District (Ark. Code Ann. §7-2-102)".** Contrary the defendant Martin's assertions, no one has challenged the **"composition"** of the First Congressional District. The Plaintiffs challenged the **unconstitutionality of the apportionment of the First Congressional District** and supported their request for a three-judge panel with evidence of **racial gerrymandering in the Second Congressional District, where Plaintiff Dr. Larry resides**. State Senate Joyce Elliot ran for Congress from the **2nd Congressional District**. Also, any citizen in Jefferson County has standing because they have been harmed in fact by the **racial gerrymandering in the 1st and 4th Congressional Districts when Jefferson County was split between the 1st and 4th Congressional Districts, thereby diluting the votes of Blacks in Jefferson County and preventing them from ever electing a U.S. Representative of their choice in either the 1st or 4th Congressional Districts.** And, because Pulaski County is separated from Jefferson County, with Pulaski County in the 2nd Congressional District and Jefferson County in the 1st and 4th Congressional Districts, every citizen has standing to challenge the unconstitutionality of the apportionment in the 1st, 2nd and 4th Congressional Districts. However, the evidence is overwhelming of racial gerrymandering in the 1st Congressional District, so that district chose itself. But, the entire state is affected by re-drawing the lines of the 1st Congressional District. Any citizen in any congressional district who is challenging racial gerrymandering of congressional districts anywhere in the state of

Arkansas has standing to do so because every citizen is affected upon re-districting and those whose votes have been diluted have been actually harmed in fact.

2.  Defendant Mark Martin claims that his motion to dismiss should be granted because he had nothing to do with the congressional districting map.  However, defendant Martin is the head election official for certification of results in all elections in Arkansas and therefore a necessary and indispensable party.  The very charts that support the Plaintiffs' Request for Three-Judge Panel came from data maintained by defendant Martin, in his official capacity as Secretary of State.

3. The Court should DENY defendant Martin's motion to dismiss because it requires a ruling on the merits of the role the Secretary of State of Arkansas plays in Congressional elections. A single district judge is prohibited from doing exactly what defendant Martin has asked this Court to do – in violation of 28 U.S.C. §2284(b)1 and the mandate of **Shapiro v. McManus**.  The Court should DENY all of defendants' 12(b) motions and immediately refer the Plaintiffs' Request for Three-Judge Panel to the Chief Judge of the Eighth Circuit. Plaintiffs hereby incorporate their **Response In Opposition to Defendants' Motion to Dismiss and Plaintiffs' Motion to Amend and Obtain Class Counsel** and their  Briefs and Memoranda in their entirety as if fully set out herein verbatim. Plaintiff, Dr. Julius J. Larry III has  **standing** to request a three-judge panel under 28 U.S.C. §2284 because he is challenging   the unconstitutionality of the apportionment of congressional districts in the state of Arkansas. Here again, none of the defendants cited to any legal authority, precedence or case law for their novel proposition that a Plaintiff must live in the specific congressional district being challenged in order to bring suit under Section 2 of the Voting Rights Act of 1965, as amended.

4.  There is no requirement that a Plaintiff must live in the challenged congressional district in order to file suit for a violation of §2 of the Voting Rights Act.

## ARGUMENT

### A. Defendants in error claimed that, "Because Dr. Larry lacks standing, the Court lacks subject matter jurisdiction over the claims, and a three judge panel is unnecessary".

Nothing could be further from the Truth.  The central issue raised by the defendants' **is "who" has standing to bring a suit for a §2 violation of the Voting Rights Act of 1965, as amended**? The answer is clear.  Either a private citizen or the United States Department of Justice may sue election authorities under §2, for diluting a minority group's voting power.  Dr. Larry asserts that he is a private citizen of the United States; a resident of the State of Arkansas, and a registered voter in Pulaski County, Little Rock, Arkansas, which is presently in the 2nd Congressional District, but will be in the 1st Congressional District in a re-drawn congressional districts map.

In **Thornburg v. Gingles**, 478 US 30 (1986), the Supreme Court explained that Plaintiffs in a §2 vote dilution suit must meet three threshold conditions. Living in the challenged congressional district was not a requirement.  Plaintiff, Dr. Larry, individually and on behalf of all other similarly situated African Americans residing in the Southeast quadrant of the State of Arkansas, submit that they have met the **Gingles** test, as set out fully and in detail in their initial Request for a Three Judge Panel and in their Court-ordered Brief regarding their entitlement to a three-judge panel and the same is hereby incorporated by reference as if fully set out herein word for word.

A. **Shapiro v. McManus** **Mandates that the Request for A Three-Judge Panel be Referred to the Chief Judge of the Eighth Circuit**

The very evil raised by defendants in their motion to dismiss is what the Supreme Court in **McManus** addressed by clarifying, disapproving and curtailing the practices of defendants, like the ones herein, from filing dilatory motions under Rule 12(b) to frustrate the procedural mandate of Congress, codified as 28 U.S.C. §2284, et seq. A mandatory referral to the Chief Judge of the Circuit is required because a citizen filed a request for a three judge panel challenging the unconstitutionality of the apportionment of congressional districts in Arkansas causing vote dilution, in violation of §2 of the Voting Rights Act.

Consequently, if this Court entertained the hypothetical presented by defendants and dismissed the Plaintiffs' request for a 3-judge panel, instead of going directly to the US Supreme Court for expedited treatment, as set out in 28 U.S.C. §2284, the case would take the circuitous route to the court of appeals and perhaps a remand and finally a writ of certiorari to the Supreme Court – a procedure disapproved by the Supreme Court in **Shapiro v. McManus**.

## CONCLUSION

The Court should, in all things, **DENY** all of the defendants' motions to dismiss and refer the Plaintiffs' Request for a three-Judge Panel immediately to the Chief Judge of the Eighth Circuit. 28 U.S.C §2284 mandates this referral be done. **Shapiro v. McManus** mandates that a request for a 3-judge panel be referred to the Chief Judge of the Circuit, curtailing any discretion by the single district judge regarding 12(b) motions or other defenses raised by defendants to defeat a request being referred to the Chief Judge of the Circuit. **In the case at bar, defendants admitted that**

5

**they do not oppose a three-judge panel.** However, there is no argument defendants can make to defeat the mandatory language of 28 U.S.C §2284. **"Shall"** is mandatory language – even in Arkansas.

Pursuant to 28 U.S.C. §2284, Plaintiffs do not have to prove legal "entitlement" to file a request for a three judge panel to adjudicate a challenge to the apportionment of congressional districts in the state of Arkansas. There is nothing defendants can do or file to prevent a request for a 3-judge panel from being referred to the Chief Judge of the Circuit. Actually, when the presentment was made on February 9, 2018 to Chief Judge Brian Miller, the next step should have been to notify the Chief Judge of the Eighth Circuit, according to 28 U.S.C. §2284(b)1.

Wherefore, for all of the foregoing reasons, this Court should DENY defendants motion to dismiss; refer this Request for a three-judge panel to the Chief Judge of the Eighth Circuit; GRANT Plaintiffs' Motion to Amend; make no rulings on the merits or be led into error by defendants- in – error, and for such relief, at law and in equity, such that Justice is served.

Respectfully submitted,

Julius J. Larry III

2615 W. 12th Street

Little Rock, AR 72202

(832-384-6908)

6

## CERTIFICATE OF SERVICE

I hereby certify that on this   9th    day of March, 2018, a true and correct copy of the Plaintiffs'

Response in Opposition to Defendants' Mark Martin's  Motion to Dismiss was served on

defendants by and through his attorney , Michel Fincher, Asst AG, and Brett Taylor, Asst AG, by

certified mail, return receipt requested.

7