United States District Court
Eastern District of Arkansas
Western Division

Dr. Julius J. Larry, III, et al.                                                    Plaintiff

v.                                Case No. 4:18-cv-116-KGB

State of Arkansas, et al.                                                    Defendants

## Reply in Support of Separate Defendants' Motion to Dismiss

Come Defendants State of Arkansas, Asa Hutchinson in his official capacity as the Governor of the State of Arkansas, Leslie Rutledge in her official capacity as the Attorney General of the State of Arkansas, and Jeremy Gillam in his official capacity as a member of the House of Representatives for the State of Arkansas, and for their Reply in Support of the Motion to Dismiss [D.E. 7] state:

Plaintiff Dr. Julius J. Larry, III, responded to the Motion to Dismiss for lack of subject matter jurisdiction on March 5, 2018, asserting that he is not required to live in the challenged congressional district to file suit for violation of § 2 of the Voting Rights Act. [D.E. 16, p. 2] Dr. Larry argues that *Thornburg v. Gingles*, 478 U.S. 30 (1986), requires three conditions – compactness/numerousness, minority cohesion, and majority bloc voting – but does not require a party plaintiff to live in the challenged district. Standing was not at issue in *Gingles*. Even if *Gingles* had addressed standing and held any private citizen at all could bring a racial gerrymandering case under Section 2 of the Voting Rights Act, the later decisions of *Lujan* v. *Defs. of Wildlife*, 504 U.S. 555 (1992) and *United States v. Hays*, 515 U.S. 737 (1995) would have overruled such a holding. Every potential plaintiff must demonstrate standing to bring a lawsuit in

federal court, and *Hays* limits the potential plaintiffs who have standing to bring this type of case to those directly harmed by the challenged congressional district.[1] Dr. Larry admits he is not a voter in a congressional district he seeks to challenge. Dr. Larry has not demonstrated or otherwise alleged a direct harm. Rather, he claims that he *will* be a voter in the First Congressional District once his proposed redrawing of congressional districting lines is established. The cart is now noticeably before the horse. For these reasons, Separate Arkansas Defendants respectfully request the Court dismiss the Complaint for lack of standing and consequent lack of subject matter jurisdiction.

Dr. Larry's Response also requests leave to amend his original complaint. As explained in the Brief in Support [D.E. 8], however, Dr. Larry's original complaint constitutes an attempt by a pro se litigant to represent the interests of other persons, which results in a nullity. Therefore, there is nothing to amend. Separate Arkansas Defendants respectfully request the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1).

---

[1] Dr. Larry states that "Defendants cited no legal authority, precedence or case law for their novel proposition that a Plaintiff must live in the specific congressional district being challenged in order to bring suit under Section 2 of the Voting Rights Act of 1965, as amended." But see Section II of the Brief in Support of Motion to Dismiss [D.E. 8, pp. 3-5].

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By:   /s/ *Brett W. Taylor*
Ark Bar No. 2014175
Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
PH: (501) 682-3676
Fax: (501) 682-2591
Email: brett.taylor@arkansasag.gov

*Attorneys for Defendants*

# Certificate of Service

I Brett W. Taylor, hereby certify that on March 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I Brett W. Taylor, hereby certify that on March 12, 2018, I mailed the foregoing document by U.S. Postal Service to the following non-CM/ECF participant:

Julius J. Larry, III
2615 West 12th St.
Little Rock, Arkansas 72202

*/s/ Brett W. Taylor*

3