IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN (Little Rock) DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 1 4 2018

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK



DR. JULIUS J. LARRY III, Individually §
And in his Official Capacity as Publisher –
The Little Rock Sun Community            §
Newspaper, and on behalf of all other
Similarly-situated African Americans     §
Residing in the Southeast Quadrant of
the State of Arkansas

§

PLAINTIFFS,

§

VS.                                      §        CASE NUMBER 4:18-cv-00116 KGB

§

STATE OF ARKANSAS;  ASA
HUTCHINSON, in his Official
Capacity as Governor of the State of     §
Arkansas; LESLIE RUTLEDGE, in
her Official Capacity as Attorney        §
General of the State of Arkansas; MARK
MARTIN, in his Official Capacity as      §
Arkansas Secretary of State and the
Arkansas Legislature, in their Official
Capacities                               §

DEFENDANTS.


**PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' RULE 12(b)1 MOTIONS
TO DISMISS**


**TO THE HONORABLE COURT:**

1

Plaintiffs, Dr. Julius J. Larry III, individually and in his Official Capacity as Publisher of

The Little Rock Sun Community Newspaper, and on behalf of all other Similarly-situated

African Americans Residing in the Southeast Quadrant of the State of Arkansas, file this Brief

in Opposition to all of defendants' motions to dismiss and move the Court to DENY

defendants' motions to dismiss and GRANT Plaintiffs' Motion to Amend and Obtain Class

Counsel, as follows:

Plaintiffs want to point out two important cases to the Court, although neither is controlling here

due to class allegations and multiple Plaintiffs --- **U.S. v. Hays,** 515 U.S. 737 (1995) 115 S.Ct.

2431, 132 L.Ed.2d 635 (1995) and **Sinkfield v. Kelley**, 531 U.S. 28, (2000) 121 S.Ct. 446, 148

L.Ed.2d 329 (2000).    In **U.S. v. Hays**, the state of Louisiana's congressional redistricting

scheme was found to represent an impermissible racial gerrymander that violated **equal**

**protection**, 839 F.Supp. 1188.  The State Legislature adopted a new redistricting scheme and the

Supreme Court, 114 S.Ct. 2731, vacated and remanded. **A three-judge panel** of the United

States District Court for the Western District of Louisiana, 862 F.Supp. 119, found the new

redistricting scheme unconstitutional. Louisiana and the United States directly appealed. The

Supreme Court, with Justice O'Connor writing for the majority, held that citizens who did not

live in the district that was the primary focus of racial gerrymandering claim lacked standing to

bring suit.

In the case at bar, because of class allegations, Plaintiff, Dr. Larry is only one Plaintiff.  A clear

and undisputed fact of the Request for Three-Judge Panel lists the **Parties Plaintiffs** as follows:

**"7. The Plaintiffs are each and all residents, citizens and registered voters in Union; Ashley; Chicot; Drew; Lincoln; Jefferson; Pulaski; Desha; Arkansas; Phillips; Monroe; Lee; St. Francis; Crittenden and Cross Counties. The race and color of each Plaintiff is African American and Black".**

For purposes of **standing**, any of the above-listed Plaintiffs who live in the challenged districts have standing in a class action, which is the most efficient means to adjudicate these type claims that effect large numbers of similarly-situated voters. In an Amended Complaint, the un-named Plaintiffs from the above-listed counties will become **named- Plaintiffs** and the racial gerrymandering challenge will include not only the 1st **Congressional District, but also the 2nd Congressional District,** from which State Senator Joyce Elliott ran unsuccessfully due to the racial gerrymandering; **and the 4th Congressional District**, which the evidence will show is racially gerrymandered.

As a result, no African American has ever been elected to the U.S. Congress from Arkansas from neither the 1st, 2nd **or 4th Congressional Districts**. (And, no African American has ever been elected to Congress from the 3rd Congressional District).

**Hays,** supra is inapposite and not applicable to the case at bar because of the class nature of multiple Plaintiffs. If any one of the Plaintiffs lives in any of the **three (3) challenged districts**, there is standing sufficient to defeat any of defendants' motions to dismiss.

In **Sinkfield v. Kelley**, white Alabama voters brought suit alleging that the state's legislative districts violated the **Equal Protection Clause. A three-judge panel** of the United States District Court for the Middle District of Alabama, 96 F.Supp.2d 1301, held that seven of the

3

challenged majority-white districts were products of unconstitutional racial gerrymandering and enjoined their use in any election. African-American voters and the Secretary of State appealed.

On direct appeal, the Supreme Court, held that **white voters lacked standing** to claim that Alabama's legislative re-districting plan was racial gerrymandering which violated the Equal Protection Clause.

The Supreme Court stated: **"Appellees are challenging their own majority-white districts as the product of unconstitutional racial gerrymandering under a redistricting plan whose purpose was the creation of majority-minority districts, some of which border appellees' districts**. Like the appellees in **Hays**, they have neither alleged nor produced any evidence that any of them was assigned to his or her district as a direct result of having "personally been subjected to a racial classification." Id., at 745, 115 S.Ct. 2431; see also **Shaw v. Hunt**, 517 U.S. 899, 904, 116 S.Ct. 1894, 135 L.Ed.2d 207 (1996). Rather, appellees suggest that they are entitled to a presumption of injury-in-fact because the bizarre shapes of their districts reveal that the districts were the product of an unconstitutional racial gerrymander. See App. to Pet. for Cert. 120a, 148a, 153a. The shapes of appellees' districts, however, were necessarily influenced by the shapes of the majority-minority districts upon which they border, and appellees have produced no evidence that anything other than the deliberate creation of those majority-minority districts is responsible for the districting lines of which they complain. Appellees' suggestion thus boils down to the claim that an unconstitutional use of race in drawing the boundaries of majority-minority districts necessarily involves an unconstitutional use of race in drawing the boundaries of neighboring majority-white districts. We rejected that argument in **Hays**, explaining that evidence sufficient to support a **Shaw** claim with respect to a majority-minority district **did "not prove anything" with respect to a neighboring majority-white district in**

4

**which the appellees resided.** 515 U.S., at 746, 115 S.Ct. 2431. Accordingly, "an allegation to that effect does not allege a cognizable injury under the Fourteenth Amendment." Ibid.

The judgment of the District Court was vacated and the cases were remanded with instructions to dismiss the complaint. The **Kelley** case is totally inapplicable to the facts herein but is instructive on the issue of white voters claiming "reverse-discrimination" in redistricting, when the purpose was to create majority-minority districts.

For all of the foregoing reasons, this Court should DENY defendants' motions to dismiss; GRANT Plaintiffs' Motion to Amend and Obtain Class Counsel and pursuant to 28 U.S.C. §2284(b)1, refer the **Plaintiffs' Request for Three- Judge Panel to the Chief Judge of the Eighth Circuit** and for such other relief, at law and in equity, such that Justice prevails.

Respectfully submitted,

JULIUS J. LARRY III- Pro Se

2615 W. 12th Street

Little Rock, Arkansas 72202

832-384-6908

5

## CERTIFICATE OF SERVICE

I hereby certify that on this   14th day of March, 2018, a true and correct copy of Plaintiffs' Brief

in Opposition to Defendants' Motions to Dismiss, has been served on defendants, by and through

their attorneys of record by USPS, certified, return receipt requested.

A.J. Kelly
Gen. Counsel
Deputy Secretary of State
PO Box 251570
Little Rock, AR 72225-1570

Brett W. Taylor
Asst. Att. Gen
Arkansas Attorney General's Office
323 Center Street – Suite 200
Little Rock, AR 72201

6