**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DR. JULIUS J. LARRY, III, individually and
in his Official Capacity as Publisher – the
Little Rock Sun Community Newspaper and
on behalf of all other similarly-situated African
Americans residing in the Southeast Quadrant
of the State of Arkansas                                                          PLAINTIFF

v.                                   Case No. 4:18-cv-00116-KGB

STATE OF ARKANSAS, *et al.*,                                             DEFENDANTS

<u>ORDER</u>

Plaintiff Dr. Julius J. Larry, III filed his complaint, request for a three-judge panel, and temporary restraining order on February 9, 2018 (Dkt. No. 1). The present question before the Court is whether to convene a three-judge panel pursuant to 28 U.S.C. § 2284 to adjudicate Dr. Larry's claims. For the reasons set forth below, the Court grants in part and denies in part Dr. Larry's request for a three-judge panel.

I.        **Factual And Procedural Background**

In 2011, Arkansas enacted a legislative redistricting plan for Arkansas' four Congressional Districts. Dr. Larry, an African American citizen of Arkansas who is registered to vote, challenges the apportionment of Arkansas' First Congressional District, alleging that the redistricting scheme impairs African American citizens' ability to elect representatives of their choice in violation of the Fourteenth and Fifteenth Amendments to the United States Constitution and of § 2 of the Voting Rights Act of 1965, as amended, 79 Stat. 439, 52 U.S.C. § 10301 *et seq.* (Dkt. No. 1, at 1-2). Dr. Larry seeks relief in the form of a declaratory judgment that defendants engaged in racial-gerrymandering, a temporary restraining order curtailing any elections in Arkansas' congressional districts, and a permanent injunction forbidding elections based upon Arkansas' current

congressional district plan and requiring defendants to adopt a new redistricting plan which does not dilute African-American voting strength (*Id*., ¶ 21). Pursuant to 28 U.S.C. § 2284, Dr. Larry requests that a three-judge panel be convened to hear his claims (*Id*., ¶ 6).

On February 12, 2018, the Court ordered the parties to submit briefs on the issue of whether Dr. Larry is entitled to a three-judge panel (Dkt. No. 3). Separate defendants State of Arkansas, Asa Hutchinson, and Leslie Rutledge subsequently filed a motion to dismiss Dr. Larry's complaint (Dkt. No. 7). Mr. Hutchinson and Ms. Rutledge argue for dismissal under Federal Rule of Civil Procedure 12(b)(1) because Dr. Larry lacks standing to bring his claims and that, therefore, a three-judge panel is unnecessary (Dkt. No. 8, at 5-6). Separate defendant Mark Martin, in his official capacity as Arkansas Secretary of State, filed a motion to dismiss, arguing for dismissal under Rule 12(b)(1) because Dr. Larry lacks standing to bring his claims and for dismissal under Federal Rule of Civil Procedure 12(b)(6) because Mr. Martin is not a proper defendant to this action (Dkt. No. 13). Mr. Martin also filed a brief arguing that Dr. Larry is not entitled to a three-judge panel on the issue of whether this Court has subject matter jurisdiction under Rule 12(b)(1) but conceding that a three-judge panel is the appropriate forum to resolve Rule 12(b)(6) issues (Dkt. No. 15). Separate defendant Jeremy Gillam, in his official capacity as a member of the House of Representatives for the State of Arkansas, filed a motion to dismiss arguing that Dr. Larry lacks standing under Rule 12(b)(1) and that neither Mr. Gillam nor "the Arkansas Legislature" are proper defendants under Rule 12(b)(6) and that, even if proper defendants, they have not been properly served under Federal Rules of Civil Procedure 12(b)(4) and (5) (Dkt. No. 18). Dr. Larry has responded to the defendants' motions (Dkt. Nos. 19, 21). Separate defendants Mr. Hutchinson, Ms. Rutledge, Mr. Martin, and Mr. Gillam replied (Dkt. Nos. 20, 22).

Finally, Dr. Larry filed a supplemental request for a three-judge panel (Dkt. No. 23). Defendants responded to Dr. Larry's supplemental request (Dkt. Nos. 24, 25), and Dr. Larry replied (Dkt. No. 26).

## II.    Standard Of Review

Defendants argue that Dr. Larry lacks standing to bring his claims before this Court and that, therefore, the Court lacks subject-matter jurisdiction. As a result, defendants contend this Court must dismiss Dr. Larry's complaint. Fed. R. Civ. P. 12(b)(1). At this stage of the litigation, this Court will focus solely on the Federal Rule of Civil Procedure 12(b)(1) arguments raised by the parties, holding under advisement all other arguments raised by the parties regarding other bases under Federal Rules of Civil Procedure 12(b)(4), (5), and (6) upon which to dismiss Dr. Larry's claims.

Rule 12(b)(1) allows a district court to dismiss a complaint for lack of subject matter jurisdiction. The burden of proving subject matter jurisdiction falls on the plaintiff. *V S Ltd. P'ship v. Dep't of Housing & Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir.2000). In order for the court to dismiss a claim under Rule 12(b)(1), the opposing party must successfully challenge the claim on its face or the factual truthfulness of its averments. *D.L. v. Waukee Cmty. Sch. Dist.,* 578 F. Supp. 2d 1178, 1182 (S.D. Iowa Sept. 26, 2008). A facial attack restricts the court to review the face of the pleadings to determine whether the plaintiff has alleged a basis of subject matter jurisdiction. *Brooks v. Wiesz,* 572 F. Supp. 2d 1134, 1136 (D.N.D. Aug. 26, 2008). Facial attacks under Rule 12(b)(1) are subject to the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Mattes v. ABC Plastics, Inc.,* 323 F.3d 695, 698 (8th Cir. 2003). Factual attacks, however, challenge the existence of subject matter jurisdiction in fact, irrespective of the

pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. *Brooks,* 572 F. Supp. 2d at 1136.

### III.    Discussion

Dr. Larry's complaint makes two claims:  (1) defendants diluted African-American votes in violation of § 2 of the Voting Rights Act, and (2) defendants racially gerrymandered the boundaries of Arkansas' First Congressional District in violation of the equal protection clause of the Fourteenth Amendment.  Defendants argue that Dr. Larry's complaint should be dismissed for lack of subject-matter jurisdiction because Dr. Larry does not have standing to bring these claims. For the reasons set forth below, the Court dismisses Dr. Larry's equal protection claim for lack of standing, but the Court will convene a three-judge panel to adjudicate Dr. Larry's §2 vote-dilution claim.

### A.    Three-Judge Panel Pursuant To 28 U.S.C. § 2284

The Court may dismiss Dr. Larry's claims without first convening a three-judge panel. Since 1976, federal law has mandated that a "district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts . . ." and has provided that "the judge [presented with a request for a three-judge court] shall, unless he determines that three judges are not required, immediately notify the chief judge of the circuit, who shall designate two other judges" to serve on the panel.  28 U.S.C. § 2284(a)-(b)(1).  Section 2284 applies to vote-dilution claims brought under § 2.  *See Jeffers v. Beebe*, 895 F. Supp. 2d 920 (E.D. Ark. 2012) (three-judge panel dismissed vote-dilution claims targeting state legislative districts); *Jeffers v. Clinton*, 730 F. Supp. 196 (E.D. Ark. 1989) (three-judge panel held that apportionment of state legislative districts diluted the votes of minorities in violation of § 2);

*see also Page v. Bartels*, 248 F.3d 175, 190 (3rd Cir. 2001) (holding that three-judge panel is required for both § 2 and constitutional claims).

While a single district court judge may not dismiss an apportionment challenge upon the merits without convening a three-judge panel, a single district court judge may dismiss an apportionment challenge "where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Shapiro v. McManus*, 136 S. Ct. 450, 454 (2015) (quoting *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 100 (1974)). Article III standing is a jurisdictional issue. *Duit Const. Co. Inc. v. Bennet*, 796 F.3d 938, 940-41 (8th Cir. 2015). Therefore, to the extent Dr. Larry lacks standing to bring his claims challenging Arkansas' 2011 apportionment plan, the Court may dismiss those claims without convening a three-judge panel.

**B.      Standing**

Dr. Larry lacks standing to bring an equal protection claim challenging the boundaries of Arkansas' First Congressional District. To establish Article III standing, a plaintiff must satisfy three requirements: "First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotes and citations omitted).

In *U.S. v. Hays*, the Supreme Court found "[o]nly those citizens able to allege injury as a result of having *personally* been denied equal treatment" have standing to bring apportionment challenges under the equal protection clause. 515 U.S. 737, 746 (1995) (emphasis in original) (internal quote and citation omitted). The plaintiffs in *Hays* challenged the apportionment of "District 4" on the grounds that it was racially gerrymandered in violation of the Equal Protection Clause. *Id*. at 741-42. The plaintiffs, however, resided in "District 5." *Id*. The Supreme Court held that, because the plaintiffs did not live in "District 4," they could not demonstrate personal injury, and they therefore did not have standing to challenge the apportionment of "District 4." *Id*. at 747. While the Supreme Court did acknowledge that "specific evidence" that plaintiffs were "personally" subjected to a racial classification might establish standing, the Court held that proving that one voting district was racially gerrymandered proves nothing with respect to another voting district. *Id*. at 746. Accordingly, plaintiffs who reside outside of a district which is the subject of a racial-gerrymandering claims do not have standing to challenge the legislation which created that district, absent specific evidence that they were personally subjected to a racial classification. *Id*.; *Shaw v. Hunt*, 517 U.S. 899, 904 (1996) (same); *Anthony v. Stodola*, 329 Fed. App'x 693, 694 (8th Cir. 2009) (per curiam) (same).

The gravamen of Dr. Larry's equal protection claim is that defendants racially gerrymandered Arkansas' First Congressional District in 2011 (Dkt. No. 1, ¶ 9). Dr. Larry admits that he is a registered voter in Pulaski County, Arkansas, which is located in Arkansas' Second Congressional District (Dkt. No. 16, at 2-3). The signature block on the complaint indicates that Dr. Larry lives in Little Rock, Arkansas, within Arkansas' Second Congressional District (Dkt. No. 1, at 27). The Court will not consider the putative class members for standing purposes as Dr. Larry is proceeding *pro se* and cannot represent others in this action. *Jones ex rel. Jones v.*

*Correctional Medical Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (determining that, as a non-attorney, a pro se litigant may not engage in the practice of law on behalf of others). Although Dr. Larry makes reference to interviews of and attempts to retain counsel to represent his interests in this matter (Dkt. No. 26), to date, no counsel has entered an appearance on his behalf. Therefore, because Dr. Larry does not reside in Arkansas' First Congressional District, nor has Dr. Larry presented any specific allegations in his complaint that he has been personally subjected to a racial classification, the Court finds that Dr. Larry does not have standing to bring an equal protection challenge against the apportionment of Arkansas' First Congressional District. Dr. Larry's equal protection claim for racial-gerrymandering is dismissed for lack of standing. Further, this Court agrees with defendants (*see* Dkt. No. 20) and concludes that this type of defect cannot be amended or cured by Dr. Larry's request to amend the complaint. *Jones*, 401 F.3d at 952.

Dr. Larry may have standing to bring his § 2 vote-dilution claim. Vote-dilution claims under § 2 are "analytically distinct" from equal protection racial-gerrymandering claims. *Shaw v. Reno*, 509 U.S. 630, 652 (1993). The Supreme Court has not decided if a plaintiff asserting a vote-dilution claim under § 2 must live in the district where the alleged dilution has occurred, and there is disagreement among the lower courts that have examined this issue. *Compare Harding v. Cty. of Dallas, Texas*, No. 3:16-CV-0131, 2018 WL 1157166, at *5-6 (N.D. Tex. March 5, 2018) (holding that a vote-dilution plaintiff need not live in the district to have standing), *with Comm. for a Fair & Balanced Map v. Ill. Bd. of Elections*, No. 1:11-CV-5065, 2011 WL 5185567, at *1 (N.D. Ill. Nov. 1, 2011) (holding that a plaintiff must live in the district where a vote-dilution claim is alleged). The Court will allow Dr. Larry's § 2 vote-dilution claim to proceed to a three-judge panel, reserving for decision by that three-judge panel the question of whether Dr. Larry satisfies the standing requirements for his § 2 vote-dilution claim.

## IV.    Conclusion

For the reasons stated above, the Court grants defendants' motions to dismiss to the extent defendants seek to dismiss Dr. Larry's equal protection racial-gerrymandering claim for lack of standing (Dkt. Nos. 7, 15, 18). The Court will convene a three-judge panel to adjudge Dr. Larry's remaining § 2 vote-dilution claim, including determining the issue of whether Dr. Larry has standing to bring such a claim. The Court has notified Chief Judge Lavenski R. Smith of the United States Court of Appeals for the Eighth Circuit.

The Court orders the parties to confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and submit a report by May 4, 2018, with a proposed schedule for expedited discovery, a proposed schedule for pretrial deadlines, and a reasonable estimation of when the parties will be prepared for an expedited trial on the merits. The report should include the items identified in Local Rule 26.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas. To the extent that the parties can agree on a schedule, the parties should submit a joint report with their recommendations. To the extent that the parties disagree, they may submit separate reports and state their separate views with respect to scheduling and the reasons for their proposals.

It is so ordered this the 23rd day of April, 2018.

Kristine G. Baker
United States District Judge